UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEEMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-00457-RBM-KSC<br><br>**ORDER: (1) DENYING MOTION FOR DEFAULT JUDGMENT; (2) GRANTING MOTION FOR LEAVE TO FILE ANSWER; AND (3) DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>**[Docs. 37, 39, 41]** |

On May 4, 2022, Plaintiff Shane Beeman ("Plaintiff"), appearing pro se, filed a motion for default judgment against Defendant San Diego Police Department (the "Department"). (Doc. 37.) On May 23, 2022, Defendants City of San Diego, Dave Gibson, and San Diego Police Department (collectively "Defendants") filed an opposition to Plaintiff's motion for default judgment. (Doc. 40.) At the same time, the Department filed a motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(b) for leave to file an answer to Plaintiff's First Amended Complaint ("FAC"). (Doc. 39.) On May 31, 2022, Plaintiff filed a reply in support of his motion for default judgment (Doc. 42), along with a motion for entry of default judgment. (Doc. 41.) On June 13, 2022, Plaintiff filed an opposition to the Department's motion for leave to file an answer to Plaintiff's FAC. (Doc. 45.) On

1

June 20, 2022, the Department filed a reply in support of its motion for leave to file an answer to Plaintiff's FAC. (Doc. 46.)

For the reasons discussed below, the Department's motion for leave to file an answer to Plaintiff's FAC (Doc. 39) is **GRANTED**. Plaintiff's motions for default judgment (Doc. 37) and for entry of default judgment (Doc. 41) are **DENIED**.

## I.  BACKGROUND

Plaintiff filed the instant action against Defendants on March 15, 2021. (Doc. 1.) Plaintiff alleges, among other things, that the seizure of Plaintiff's vehicle for alleged violation of the City of San Diego's parking rules violated Plaintiff's rights under the United States and California Constitutions. (*Id*. at 4–5.) Plaintiff filed claims pursuant to 42 U.S.C § 1983, California Civil Code § 52.1, Article 1 § 19 of the California Constitution, and 42 U.S.C. § 1985. (*Id*. at 4–13.)

Defendants filed a motion to dismiss Plaintiff's Complaint on May 18, 2021 (the "MTD"). (Doc. 8.) On June 8, 2021, Plaintiff filed a motion to set aside Defendants' MTD, along with a motion for enlargement of time to respond to the MTD. (Doc. 9.) On June 9, 2021, the Honorable Cathy Ann Bencivengo denied Plaintiff's motion to set aside the MTD. (Doc. 10.) Judge Bencivengo granted Plaintiff until July 26, 2021 to either respond to the MTD or file an amended complaint. (*Id*. at 1–2.) On July 26, 2021, Plaintiff filed his FAC. (Doc. 11.) On August 16, 2021, Defendants City of San Diego and Dave Gibson filed an answer to Plaintiff's FAC. (Doc. 15.)

On May 4, 2022, Plaintiff filed the instant motion for default judgment against the Department. (Doc. 37.) Plaintiff argues that default judgment is appropriate pursuant to Federal Rule of Civil Procedure 55 because Defendants' answer to the FAC was filed on behalf of only the City of San Diego and Dave Gibson, not the Department. (*Id*. at 2.) On May 23, 2022, Defendants filed an opposition to Plaintiff's motion for default judgment. (Doc. 40.) Defendants admit that the August 16 answer was filed on behalf of only the City of San Diego and Dave Gibson, not the Department. (*Id*. at 2.) Defendants argue, however, that the lack of an answer on behalf of the Department was due to "inadvertent

mistake," that all other filings in the case have been made on behalf of all Defendants, and that the "Department and its counsel have been under the mistaken belief an answer was filed." (*Id*. at 3–4.) Defendants also requested the court take judicial notice of all filings which have been made on behalf of the Department since the filing of the answer. (Doc. 40-1.) The same day, the Department filed a motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file an answer to Plaintiff's FAC. (Doc. 39.) The Department's motion was accompanied by a declaration from Defendants' counsel, noting that the Department was inadvertently omitted from the Defendants' August 16 answer, and that all other filings in the case were made on behalf of all Defendants. (Doc. 39-1 at 1–2.) Defendants' counsel further states that the Department's proposed answer is identical to the answer filed on behalf of the other two Defendants. (Doc. 39 at 4; *see also* Doc. 39-2.) Plaintiff filed a reply brief in support of his motion for default judgment on May 31, 2022 (Doc. 42), along with a request for entry of default judgment addressed to the Clerk of Court. (Doc. 41.) Plaintiff argues that the Department has not set forth any basis for excusable neglect, and that the prejudice to Plaintiff outweighs the harm to Defendant. (Doc. 42 at 4–11.)

## II.   DISCUSSION

### A. Motion for Leave to File Answer

Federal Rule of Civil Procedure 6(b) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citations and internal quotation marks omitted). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

1  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv.*
2  *Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "Although
3  inadvertence, ignorance of the rules, or mistakes construing the rules do not usually
4  constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a
5  somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances
6  beyond the control of the movant." *Pioneer Inv. Servs.*, 507 U.S. at 392 (citations omitted).
7  Ultimately, the weighing of the *Pioneer* factors is entrusted to the discretion of
8  the district court.  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) ("[W]e leave the
9  weighing of *Pioneer*'s equitable factors to the discretion of the district court in every
10 case.").

11         Here, the Court agrees with the Department that a weighing of the *Pioneer* factors
12 merits a finding of excusable neglect.  First, the Court finds that Plaintiff is not prejudiced
13 by the Department's filing of an answer.  Defendants City of San Diego and Dave Gibson,
14 who are represented by the same counsel as the Department, timely filed an answer on
15 August 16, 2021. (Doc. 15.) That answer inadvertently omitted the Department. (Doc. 29
16 at 3.)  The answer the Department now seeks to file is identical to the answer filed on behalf
17 of the two other Defendants.  (*Compare* Doc. 15 (answer filed on behalf of City of San
18 Diego and Dave Gibson) and Doc. 39-2 (proposed answer to be filed by the Department).)
19 The Department's answer contains "[t]he same facts and defenses" as those raised by the
20 City of San Diego and Dave Gibson.  (Doc. 39 at 4); *see also Hempstract, Inc. v. Haynes*
21 *et al.*, 21-cv-1171-JLS-MDD (S.D. Cal. Aug. 11, 2021) (finding "Plaintiff is not and will
22 not be prejudiced" where an "identical motion was filed on the deadline").

23         The parties, including the Department, have continued to avail themselves of the
24 Court since the City of San Diego and Dave Gibson filed their answer.  For example,
25 Plaintiff and all three Defendants participated in a telephonic Rule 26(f) conference on
26 September 10, 2021.  (*See* Doc. 18 at 1.)  Plaintiff filed a joint Rule 26(f) status report on
27 September 21, 2021, on behalf of himself and all three Defendants.  (*Id.*)  Plaintiff and all
28 three Defendants participated in an Early Neutral Evaluation Conference on November 23,

2021. (Doc. 22.) Plaintiff has also filed two motions for extensions of time since the City of San Diego and Dave Gibson filed their answer, at neither time mentioning the Department's lack of answer. (*See* Docs. 24, 33.) Although there has been nearly an eight-month delay between the time the City of San Diego and Dave Gibson filed their answer and Plaintiff's motion for default judgment, the Court finds that the delay will have no impact on these proceedings. Additionally, the reason for the delay appears to be an inadvertent mislabeling of the answer as being filed on behalf of only two of the three Defendants. (*See* Doc. 39-1 ¶ 3) ("[T]he answer on behalf of the San Diego Police Department was inadvertently omitted on August 16, 2021. [] With the exception of the answer, appearances have always been made on behalf of all named defendants.").

Finally, the Court does not find that the Department acted in bad faith. Plaintiff argues that "Defendant cannot even affirmatively assert that their actions were non-motive based" and that "Defendant failed to provide any facts, argument, declarations or affidavits to support" its argument that the Department did not act in bad faith. (Doc. 46 at 6.) Counsel for the Department, however, submitted a declaration stating that she had recently taken over as attorney on the case and "was not aware that an answer on behalf of the Department had not been filed until the Plaintiff filed his motion seeking a default against the Department." (Doc. 39-1 ¶ 4.) Counsel further declared that "[t]he scheduling order and all other pleadings issued since that date did not indicate the pleading was not at issue." (*Id*.) While the Court admonishes counsel for not filing a timely answer, the Court does not find that counsel's conduct rises to the level of bad faith. *Pioneer Inv. Servs.*, 507 U.S. at 392 (citations omitted).

Accordingly, the Department's motion for leave to file an answer (Doc. 39) is **GRANTED.**

B. Motions for Default Judgment and Entry of Default

Plaintiff has also moved for default judgment against the Department (Doc. 37) and for entry of default. (Doc. 41.) The Court finds that default judgment against the Department is inappropriate here. It is well-established that courts are reluctant to grant

default judgments due to the public policy favoring trial on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible."). Aside from the Department's lack of answer, all filings in this case, including those since August 2021, have been made on behalf of all three Defendants. (*See, e.g.*, Docs. 18, 19, 22, 23.)

Accordingly, Plaintiff's motions for default judgment and entry of default are **DENIED**.

### III.   CONCLUSION

For the reasons discussed above, the Department's motion for leave to file an answer (Doc. 39) is **GRANTED**. The Department is directed to file its answer on the docket no later than **June 24, 2022**. Plaintiff's motions for default judgment (Doc. 37) and entry of default (Doc. 41) are **DENIED**.

**IT IS SO ORDERED.**

DATE:  June 22, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE