UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEEMAN,<br><br>         Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>         Defendants. | Case No.: 3:21-cv-00457-RBM-DDL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**[Doc. 67]** |

  Currently pending before the Court is a motion for leave to file a second amended complaint ("SAC") filed by Plaintiff Shane Beeman ("Plaintiff"), who is appearing pro se. (Doc. 67 (hereinafter "Motion" or "Mot.").)  Defendants City of San Diego, the San Diego Police Department, and Dave Gibson ("Defendants") filed a brief in opposition on October 3, 2022 (Doc. 70 (hereinafter "Opp."), and Plaintiff filed a reply on October 17, 2022 (Doc. 71).  The Court finds the matter suitable for determination without oral argument in accordance with Civil Local Rule 7.1(d)(1).

  For the reasons discussed below, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

  Plaintiff filed the instant action against Defendants on March 15, 2021. (Doc. 1.) Plaintiff alleges, among other things, that the seizure of Plaintiff's vehicle for alleged violation of the City of San Diego's parking ordinance violated Plaintiff's rights under the

United States and California Constitutions. (*Id*. at 4–5.) Plaintiff filed claims pursuant to 42 U.S.C § 1983, California Civil Code § 52.1, Article 1§ 19 of the California Constitution, and 42 U.S.C. § 1985. (*Id*. at 4–13.) On July 26, 2021, Plaintiff filed his first amended complaint ("FAC"), which is the operative pleading in this action. (Doc. 11.)

On November 29, 2021, Magistrate Judge Karen S. Crawford issued a scheduling order regulating discovery and other pre-trial proceedings. (Doc. 23.) The scheduling order provided that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed before Judge Bencivengo by December 31, 2021" and that all fact discovery was to be completed on or before March 31, 2022. (*Id*. at 2 (emphasis omitted).) On December 30, 2021, Plaintiff filed a motion for enlargement of time to file a motion to join other parties, to amend the pleadings, or to file additional pleadings. (Doc. 24.) The reasons Plaintiff provided for his request were "multiple personal issues and conflicts" and insufficient time to complete discovery to ascertain the identities of additional parties. (*Id*. at 2.) In addition, Plaintiff wanted additional time "to retain adequate representation." (*Id*.) Plaintiff's unopposed motion was granted, and the deadline to file any motion to join other parties or to amend his pleadings was extended from December 30, 2021 until March 31, 2022. (Doc. 32.)

On March 31, 2022, Plaintiff filed a second motion for enlargement of time to file a motion to join other parties, to amend the pleadings, or to file additional pleadings. (Doc. 33.) Defendants filed an opposition to Plaintiff's second motion for enlargement of time on April 14, 2022, arguing that Plaintiff has failed to prosecute his case, and had failed to serve discovery on Defendants as required by the Court's scheduling order. (Doc. 35 at 3.) On April 19, 2022, Judge Crawford granted a brief extension (until June 6, 2022) of Plaintiff's deadline to file any motion to amend the pleadings and the deadline to complete discovery. (Doc. 36 at 3-4.) In the April 19 Order, Judge Crawford cautioned that "plaintiff is forewarned there will be no further extensions of time to file a motion to amend the pleadings." (*Id*. at 4.) This action was transferred to the undersigned on April 8, 2022 (Doc. 34) and to Magistrate Judge David D. Leshner on August 19, 2022 (Doc. 62).

On June 27, 2022,[1] Plaintiff filed a motion seeking an order permitting him to file a further amended complaint "to add new Defendants and cause of actions [sic] that arise from Plaintiff's claim based upon conduct and practices uncovered and continue[d] to be uncovered by Plaintiff through discovery." (Doc. 51 at 2.) The Court denied Plaintiff's motion without prejudice for failure to attach a copy of his proposed amended complaint as required by Civil Local Rule 15.1(b). (Doc. 64.)

Plaintiff subsequently filed the instant Motion on September 16, 2022. (Doc. 67.) Plaintiff alleges he "seek[s] to add new Defendants and cause of actions [sic] that arise from Plaintiff's claim based upon conduct and practices uncovered by Plaintiff through discovery." (*Id*. at 1–2.) Plaintiff alleges he has served various requests for documents pursuant to California's Public Records Act, but that Defendants have failed to abide by those requests. (*Id*. at 2, 3.) He accordingly "seeks leave to file a Second Amended Complaint to include a request for Declaratory and Injunctive Relief and Writ of Mandate [u]nder the California Public Records Act and other laws" apparently in relation to information he believes is missing from Defendants' responses to Plaintiff's discovery requests. (*Id*. at 3.)

In reviewing Plaintiff's redlined SAC, his proposed revisions and additions to his SAC appear three-fold. First, he seeks to add a claim for declaratory and injunctive relief pursuant to the California Public Records Act ("CPRA") against Defendants City of San Diego and the San Diego Police Department, stemming from Defendants' alleged failure to respond to all public records requests Plaintiff has served since the inception of this litigation. (Doc. 67-1, Proposed SAC at 23.) Second, he seeks to add Melynie Whitener, Richard Carll, and Roberty Harvey as Defendants, and wants to assert claims for

---

[1] Plaintiff initially filed his motion to amend the pleadings on June 6, 2022. (Doc. 43.) Plaintiff later stated that, due to "inadvertence and mistake," his June 6 motion "did not include a Motion to Join or File Supplemental Pleadings." (Doc. 51 at 1.) The amended motion to amend the pleadings and file supplemental pleadings currently pending before the Court was filed on June 27, 2022. (*Id*.)

conspiracy to deny Fourth Amendment Protections claim against them. (*Id*. at 21.) Whitener, Carll, and Harvey are private citizens who are alleged to have contacted the San Diego Police Department about Plaintiff's alleged violation of San Diego's parking laws. Third, Plaintiff seeks to add a harassment and stalking claim against all Defendants, based on Defendants' and the proposed Defendants' alleged surveillance of Plaintiff's vehicle. (*Id*. at 50.)

Defendants oppose Plaintiff's Motion, arguing amendment is inappropriate due to Plaintiff's undue delays and disregard for the Court's scheduling order and deadlines. (Opp. at 2–5.) Defendants also argue: (i) Plaintiff's Motion is filed in bad faith because he has been in possession of the allegedly new material for one year; (ii) Defendants are prejudiced by Plaintiff seeking to add new parties and claims; and (iii) amendment of the Complaint would be futile. (*Id*. at 5–10.)

## II.   LEGAL STANDARD

Once a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. The decision of whether to grant leave to amend is "within the discretion of the trial court." *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). When exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

When determining whether to grant leave to amend, courts generally consider five factors, known as the *Foman* factors as stated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) repeated failure to cure deficiencies by amendments previously allowed. *Id*. The Ninth Circuit has held that "it is the consideration of prejudice

to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### III.   DISCUSSION

The Court will consider the five *Foman* factors relevant to ruling on Plaintiff's Motion.

**A. Futility**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (citation omitted). Courts consider an amendment futile "[i]f no amendment would allow the complaint to withstand dismissal as a matter of law." *Id*. Defendants argue Plaintiff's proposed CPRA claim is futile because "Plaintiff did not file a separate complaint as required by Cal. Gov't. Code §§ 6258 and 6259." (Opp. at 9.) Defendants also argue "Plaintiff is seeking to circumvent the protections of Cal. Gov't. Code § 6255(b) which preclude production of records during the pendency of litigation." (*Id*. at 10.) Finally, Defendants argue Plaintiff seeks to add new, non-government individuals as Defendants, and that such proposed Defendants may have "statute of limitation defenses and the anticipated jurisdiction objection to proceed in Federal Court." (*Id*. at 9.)

The CPRA provides that "[e]xcept with respect to public records exempt from disclosure by express provisions of law, each state or local agency, upon a request for a copy of records that reasonably describes an identifiable record or records, shall make the records promptly available to any person upon payment of fees covering direct costs of duplication, or a statutory fee if applicable." Cal. Gov. Code § 6253(b); *see Whitworth v. Regents of the Univ. of Cal.*, 274 Fed. Appx. 559, 562 (9th Cir. 2008) (internal citation omitted). Defendants are incorrect that Plaintiff's CPRA claim must be heard in a separate

action; courts can, and do, choose to exercise supplemental jurisdiction over CPRA claims where the claim arises out of the same case or controversy as the plaintiff's federal law claims. *See*, *e.g.*, *Calonge v. City of San Jose*, 523 F. Supp. 3d 1101, 1107 (N.D. Cal. 2021) (denying motion to dismiss plaintiff's CPRA claims on jurisdictional grounds); *Goodin v. City of Glendora*, 380 F. Supp. 3d 970, 998 (C.D. Cal. 2019) (denying defendants' motion for summary judgment on plaintiff's CPRA claim). The Court also disagrees that "Plaintiff is seeking to circumvent the protections of Cal. Gov't. Code § 6255(b) which preclude production of records during the pendency of litigation." (Opp. at 10.) First, Section 6255(b) does not address production of records during litigation. *See* Cal. Gov't. Code § 6255(b) ("A response to a written request for inspection or copies of public records that includes a determination that the request is denied, in whole or in part, shall be in writing."). Second, while Cal. Gov't. Code § 6254(b) provides that "[r]ecords pertaining to pending litigation to which the public agency is a party" are exempt from production, the records at issue here involve the impoundment of Plaintiff's vehicle in 2020, not the instant litigation.

Regarding Defendants' argument that the parties Plaintiff seeks to add in his SAC may have "statute of limitation defenses and the anticipated jurisdiction objection to proceed in Federal Court," (Opp. at 9), "[t]he inquiry at this stage is whether Plaintiffs' proposed amendment is futile, not a *sua sponte* review of the pleading for whether it passes Rule 12(b)(2) or 12(b)(6) muster." *Ketayi v. Health Enrollment Grp.*, No. 20-CV-1198-GPC-KSC, 2022 WL 2068423, at *4 (S.D. Cal. June 8, 2022). Given Rule 15's liberal amendment standard and Plaintiff's pro se status, the Court does not at this time find that amendment would be futile; accordingly, this factor weighs in favor of granting Plaintiff's motion for leave to amend.

**B. Undue Delay, Bad Faith, and Repeated Failure to Cure Deficiencies**

The Court next considers whether the amended pleading is the product of undue delay, whether the request for leave to amend is made in bad faith or with dilatory motive, and whether the movant has repeatedly failed to cure deficiencies by amendment. *See Foman*, 371 U.S. at 182.

|   |   |
|---|---|
| 1 | Defendants argue Plaintiff's Motion should be denied due to his repeated requests for extensions to the scheduling order and his deadline to file a motion for leave to amend. (Opp. at 2–5.) Defendants also argue Plaintiff "has been in possession of the initial communications with the homeowner's association for one year" and that Plaintiff has known since the summer of 2021 that community member(s) provided information about Plaintiff's vehicle to Officer Gibson. (*Id*. at 5–7.) Plaintiff argues the information Defendants reference was not produced to Plaintiff until June 2022 and, when produced, was produced in partial and redacted form. (Doc. 71 at 3–5.)

"Undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Read*, 198 F.3d 752, 758 (9th Cir. 1999). "[I]n evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). The parties dispute whether Plaintiff has in his possession the information which forms the basis for the proposed amendments in Plaintiff's SAC. Accordingly, it is not clear to the Court that Plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading." *Id*. Additionally, while Plaintiff has filed multiple requests for extension of time, the Court reviewed and granted those extensions as appropriate at the time they were filed. In part due to Plaintiff's pro se status, the Court does not find at this juncture that Plaintiff has unduly delayed or acted in bad faith in filing the instant Motion. Similarly, while this would be Plaintiff's second amendment to his Complaint, the Court does not find the instant Motion a "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182.

**C. Undue Prejudice**

In a Rule 15(a) analysis, "prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards*, 953 F.3d 567, 574 (9th Cir. 2020) (citation omitted). However, "the party opposing the amendment has the burden of demonstrating the prejudice they expect to face because of the proposed amendment." *Ketayi*, No. 20-CV- |

1198-GPC-KSC, 2022 WL 2068423, at *3.

Defendants argue they will be prejudiced by Plaintiff's SAC because it will require a reopening of discovery. (Opp. at 8.) Defendants further argue they will be prejudiced because: (i) "City employees change positions and the ability to recall events is diminished;" (ii) "[i]t is unknown if fact witnesses still reside in the area or if their memories are intact;" and (iii) "the ongoing delays caused by Plaintiff will increase the costs to defend for Defendants as Officer Gibson has or is about to retire." (*Id.*) The Court does not believe that potential witnesses' memories impact the Court's prejudice analysis; fact witnesses are frequently called on to testify years after the events at issue occur. Additionally, while Defendants represent that Defendant Gibson is about to retire, he is a party to this lawsuit and therefore will be compelled to participate in this litigation until it concludes. While permitting Plaintiff to amend his Complaint will require Defendants to continue to participate in this case, and while a limited reopening of discovery may be necessary, the Court finds Defendants have not met their burden to demonstrate that they will be unduly prejudiced by amendment. Accordingly, this factor, along with the Ninth Circuit's liberal policy favoring amendments, weighs in favor of granting Plaintiff's Motion. *See Eminence Cap.*, 316 F.3d at 1052.

### IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion for leave to file a second amended complaint (Doc. 67). Plaintiff must file his second amended complaint on or before **November 8, 2022**.

**IT IS SO ORDERED.**

DATE: November 1, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE